IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF EDUCATION OF ELMHURST COMMUNITY UNIT SCHOOL DISTRICT 205, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DANIEL M., by and through his parents and next friends, MICHAEL M. and Laura M., | ) ) ) | Civil Action No.: 06 C 2218 |
| | ) | Suzanne B. Conlon, Judge |
| Defendants and Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CYNTHIA GOTHA, former Director of Early Childhood, in her individual capacity, | ) ) ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Board of Education of Elmhurst Community Unit School District 205 sued its four year

old student, Daniel M., by and through his parents, Michael and Laura M., seeking to reverse an

administrative order concerning Daniel's special education. In response, Daniel's parents brought

an amended counter-claim against Cynthia Gotha, the Board of Education's former Director of Early

Childhood, alleging Gotha violated 42 U.S.C. § 1983 by intentionally failing to comply with the

Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Gotha moves to

dismiss the amended counter-claim pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to

strike the damages counter-claim pursuant to Fed. R. Civ. P. 12(f). For the reasons set forth below,

the motion must be denied.

# BACKGROUND

The following facts are derived from the complaint, as well as the amended answer and counter-claim. The Board of Education is a K-12 public school district subject to IDEA requirements. Compl. at ¶¶ 1, 4. Daniel and his parents reside within the school district. *Id.* at ¶¶ 2-3. He suffers from autism, and has been receiving private, in-home applied behavior analysis since 2003, when he was approximately two years old. *Id.* at ¶ 7.

This case arises from the school district's dispute with Daniel's parents over his special education. Between May and June 2005, the school district evaluated Daniel, and discussed his special education needs with his parents and their applied behavior analysts. *Id.* at ¶¶ 10-12. The school district found Daniel needed special education in the areas of receptive language, expressive language, transitions, play skills, social interaction, pragmatics, gross motor skills, sensory processing skills, and safety monitoring. *Id.* at ¶ 13. Based on its findings, the school district proposed an individualized educational program to Daniel's parents. *Id.* at ¶¶ 12-14.

Daniel's parents complained the school district's proposal lacked an applied behavior analysis component. *Id.* at ¶¶ 15-16. To address their complaint, they retained counsel and initiated a due process hearing in June 2005. *Id.* at ¶ 18. After an unsuccessful attempt to mediate, the parties proceeded to a seven-day hearing in Spring 2006. *Id.* at ¶¶ 19, 21.

The school district lost at the hearing: according to the hearing officer, the school district committed procedural and substantive errors in developing Daniel's educational program. *Id.* at ¶ 21. As a result, the school district was ordered to enhance the applied behavior analysis portion of its proposal. *See id.* at ¶¶ 22-23, Exs. A-B. The school district filed this case protesting the order.

In response, Daniel's parents filed an amended counter-claim against Gotha, who allegedly led the efforts in developing Daniel's educational program, and testified for the school district at the hearing. Am. Answer at ¶¶ 28-30. They allege Gotha was previously involved in a similar IDEA case before the court – *T.H. v. Board of Education of Palatine Community Consolidated School District 15*, Nos. 98 C 4633, 98 C 4632 (N.D. Ill.). *Id.* at ¶ 33. In *T.H.*, Gotha allegedly developed an educational program that violated the IDEA. *Id.* at ¶¶ 33, 38-40. According to the amended counter-claim, she committed the same violations in developing Daniel's education program. *Id.* at ¶ 47. Daniel's parents claim that given her experience in *T.H.*, Gotha was reckless in developing a defective program for their son. *Id.* at ¶¶ 48-50. They seek compensatory and punitive damages, as well as attorneys' fees, under 42 U.S.C. § 1983.

Gotha moves to dismiss the amended counter-claim, arguing Daniel's parents have no cause of action under § 1983. And in the alternative, she moves to strike their damages counter-claim on the basis that damages are unavailable under the IDEA.[1]

## DISCUSSION

### I. Motion to Dismiss

#### A. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint, and dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir.

---

[1] Gotha also moves to strike Daniel's parents' request to enforce the administrative order, because she is not a proper party for the requested relief. But her motion misconstrues the damages counter-claim: Daniel's parents seek to enforce the administrative order against only the school district. Defs. Mem. at 9. Accordingly, Gotha's motion to strike is moot with respect to the counter-claim to enforce the administrative order.

2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the non-moving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a counter-claim need only provide a short and plain statement giving fair notice of the nature and basis of the claim. Fed. R. Civ. P. 8(a); *DeWalt*, 224 F.3d at 612.

## B.    Section 1983

Gotha argues Daniel's parents are barred from bringing a 42 U.S.C. § 1983 claim to enforce their IDEA rights, because the IDEA itself provides a comprehensive remedial scheme. In support, she cites *Sellers v. School Board of Mannassas*, 141 F.3d 524 (4th Cir. 1998), and *Padilla v. School District No. 1*, 233 F.3d 1268 (10th Cir. 2000). Her reliance on *Padilla* and *Seller*, however, is misplaced because the Seventh Circuit parts company with the Fourth and Tenth Circuits on this issue. *Id.* at 1273 (recognizing the circuit split). In *Marie O. v. Edgar*, the Seventh Circuit held that "§ 1983 claims would be available to enforce the IDEA." 131 F.3d 610, 622 (7th Cir. 1997). Gotha's argument conflicts with *Marie O.* and must therefore be rejected.

Gotha also relies on *Malone v. Illinois State Board of Education*, No. 04-1137, slip op. (C.D. Ill. Sept. 23, 2005) (Mihm, J.), *appeal docketed*, No. 05-4112 (7th Cir. Oct. 26, 2005). In *Malone*, the Central District of Illinois articulated two reasons for dismissing a § 1983 claim predicated on an alleged IDEA violation: (1) plaintiffs lacked standing to sue because their disabled child was deceased; and (2) they were barred from obtaining damages under § 1983 to circumvent IDEA's limitations. *Id.* at 9-10. *Malone* is distinguishable because standing is not at issue here. Moreover, *Malone* is unpersuasive because, as discussed below, the Seventh Circuit has not ruled on whether

4

IDEA plaintiffs may recover monetary damages under § 1983. *See id.* at 11 (recognizing the absence of controlling authority). In any event, *Malone* is not binding and therefore offers Gotha no aid.

Gotha argues, without any factual or legal support, that because she worked in a team in developing Daniel's educational program, she is immune from individual liability under § 1983. She further argues her involvement in *T.H.* does not give rise to a finding of bad faith. Her arguments ignore the allegation that "[she] acted recklessly and with callous indifference to the IDEA rights of Daniel and his parents." Am. Answer at ¶ 48. At the pleading stage, this allegation must be viewed as true. *Cler*, 423 F.3d at 729. Because Daniel's parents allege reckless indifference, they state a § 1983 claim. *See Monticello Sch. Dist. No. 55 v. George L.*, 102 F.3d 895, 903 (7th Cir. 1996) ("a § 1983 violation [in an IDEA case] may be premised on the fact that a defendant has committed a legal violation . . . with recklessness or callous indifference"). Thus, their amended counter-claim withstands a motion to dismiss.

## II. Motion to Strike

### A. Legal Standard

Allegations in a counter-claim may be stricken if they are immaterial or impertinent. Fed. R. Civ. P. 12(f). As a drastic remedy, a motion to strike is generally disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). To prevail, a movant must show the allegations in question are "patently defective and could not succeed under any circumstances." *Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *4 (N.D. Ill. Feb. 22, 2006) (Darrah, J.); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (the allegations must be either prejudicial or unrelated to the controversy). The decision whether to strike rests within the court's discretion. *Id.* at 665.

## B.    Damages

While the IDEA does not allow recovery of monetary damages, *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996), controlling precedents are silent on whether IDEA plaintiffs are entitled to damages under § 1983. *See Monticello Sch. Dist.*, 102 F.3d at 903-04 (affirming summary judgment against IDEA plaintiffs without discussion on liability). As a result, the district courts in this circuit have different opinions on the issue. The Southern District of Indiana permitted IDEA plaintiffs to proceed with a § 1983 claim for monetary damages, *Weyrick v. New Albany-Floyd County Consol. Sch. Corp.*, No. 4:03-CV-0095, 2004 WL 3059793, at *7 (S.D. Ind. Dec. 23, 2004) (Hamilton, J.); this court and the Central District of Illinois held IDEA plaintiffs may not circumvent *Charlie F.*'s bar on monetary damages by suing under § 1983. *Maldonado v. Ill. State Bd. of Educ.*, No. 01 C 7757, 2003 WL 1713834, at *7 (N.D. Ill. Mar. 28, 2003) (Gettleman, J.); *see also Malone*, slip op. at 12 (following *Maldonado*).

The district court decisions are in tension; the Seventh Circuit is expected to hear *Malone* in the next term. *See Malone*, No. 05-4112 (7th Cir. Mar. 20, 2006) (the appeal is fully briefed). Unless and until the Seventh Circuit speaks on the issue, this court cannot conclude, at the pleading stage, that as a matter of law Daniel's parents are barred from obtaining damages for their § 1983 claim. *See Weyrick*, 2004 WL 3059793, at *7 ("damages are available under § 1983 [in an IDEA case]"); *cf. Maldonado*, 2003 WL 1713834, at *7 (ruling on summary judgment). As a result, Gotha fails to clear the high hurdle to prevail on a motion to strike. *Kiswani*, 2006 WL 463383, at *4; *see also Newkirk v. Village of Steger*, No. 02 C 9077, 2004 WL 2191589, at *24 (N.D. Ill. Sept. 24, 2004) (Pallmeyer, J.) (denying motion to strike because movants would have "ample opportunity after discovery to show that the[] allegations are baseless or irrelevant"). Accordingly, her motion to strike the damages counter-claim must be denied.

6

## CONCLUSION

For the reasons set forth above, counter-defendant Cynthia Gotha's motion to dismiss the amended counter-claim, or in the alternative, to strike the damages counter-claim, is denied.

ENTER:

_Suzanne B. Conlon_

Suzanne B. Conlon

September 5, 2006

United States District Judge